ORDER
This matter is before the court on Defendant Department of Revenue's (Defendant) Motion in Limine, filed February 11, 2008. Defendant requested oral argument, which was held on Monday, March 10, 2008.
Defendant "requests an Order of this court barring the admission or consideration of data, information, or opinion that could not have been known by market participants in a hypothetical transaction occurring as of January 1, 2006, the statutory valuation date." (Def's Mot in Limine-Def's Reply at 4.) Defendant states that the Oregon Supreme Court held in Sabin v. Dept. of Rev., 270 Or 422, 528 P2d 69 (1974) "that such facts may not be used to determine the value of property." (Id. at 3) (emphasis in original).
Proceedings in the Magistrate Division of the Oregon Tax Court are governed by the following statute:
 "Subject to the rules of practice and procedure established by the tax court, a magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice." ORS 305.501(4)(a).[1] *Page 2 
The statute specifically states that a magistrate "is not bound by * * * statutory rules of evidence." (Id.) The Magistrate Division of the Oregon Tax Court follows the statutory directive.
Even though a magistrate is not bound by the rules of evidence, Defendant questions whether the court's decision to admit certain evidence achieves substantial justice. Defendant is concerned that once the evidence is admitted, the court will find it difficult to ignore the evidence (i.e. "unring the bell") when making its determination based on the facts, evidence, and applicable law. Plaintiff stated that it did not share Defendant's concern.
The Magistrate Division of the Oregon Tax Court has been in existence for over 10 years. A magistrate is instructed to "conduct the hearing in any manner that will achieve substantial justice" and follow the Tax Court's established "rules of practice and procedure." (Id.) The Preface to the Rules of the Oregon Tax Court — Magistrate Division states that the
"[m]agistrate proceedings are designed to facilitate resolution of the parties' dispute through an informal and easy to use process, while maintaining the respect due a court of law." Many individuals who appear before the court are not attorneys. At times, the evidence offered by both parties runs afoul of the formal rules of evidence because it is hearsay, redundant, prejudicial, or not relevant. In keeping with the intent of the statute and the court's established rules, the evidence is admitted without objection. In other proceedings, attorneys appear and make objections to evidence. A magistrate rules on those objections. In this case, the court overruled Defendant's objection and the evidence was admitted. In all proceedings, a magistrate conducts the hearing in a manner that in his or her opinion "will achieve substantial justice." ORS 305.501(4)(a).
The court does not share Defendant's concern that even though evidence is admitted a magistrate is unable to apply the applicable rule of law. Magistrates write well-reasoned decisions even though they are not bound by the formal rules of evidence. Approximately 93 percent of *Page 3 
those who receive written decisions decide not to appeal the magistrates' decisions. There have been no reported appeals filed in the Regular Division of the Oregon Tax Court alleging that a magistrate erroneously admitted evidence and then relied on that evidence to render a decision contrary to the applicable rule of law. There is ample experience showing that a magistrate is able to follow the statutory guidelines, consider relevant evidence, and apply the rule of law to reach a decision.
To assist the court in its decision making process, parties are permitted to file trial or post-trial memos setting forth their opinion of the applicable rule of law. Defendant filed memos in the past and may want to consider doing so in the above-entitled matter.
After careful consideration of Defendant's motion and given the statutory guidelines and the court's applicable rules, the court denies Defendant's Motion in Limine. Now, therefore,
IT IS ORDERED that Defendant's Motion in Limine is denied.
This interim order may not be appealed. Any claim of error in regardto this order should be raised in an appeal of the Magistrate's finalwritten decision when all issues have been resolved. ORS 305.501.
 This document was signed by Presiding Magistrate Jill A. Tanner onMarch 31, 2008. The Court filed this document on March 31, 2008.
Dated this _____ day of March 2008.
[1] Reference to the Oregon Revised Statutes (ORS) are to 2007. *Page 1